The opinion of the court was delivered by
Breaux, J.
This action was brought on the 13th February, 1894, by Tiblier and others,' heirs of Claude Tiblier, to be declared the owners of a square of ground in the first district of this city.
Claude Tiblier acquired from Manuel Elliott in 1862.
It appears that the property was assessed in the name of William Henry for the year 1877.
On the 16th June, 1886, the State Tax Collector sold and adjudicated, pursuant to the provisions of Act 82 of 1884, the property claimed by the plaintiffs, to D. Negrotto, to enforce payment of the tax due the State of Louisiana for the year 1877, assessed as just stated.
In 1888 a tax collector’s deed was executed by the authorized tax officer confirming the sale to Negrotto, under Act 82 of 1884.
Subsequent to the date, plaintiffs filed their petition; the defendant, who held by mesne conveyances from D. Negrotto, sold the property to the intervenor, Nicholas Riviere.
In 1888 the Western Land and Emigration Company, vendor to *he defendant, filed a bill of complaint in the United States Circuit Court against the recorder of mortgages for the parish of Orleans; and the tax collector claiming to have paid all the taxes that had •been assumed by Domingo Negrotto, Jr., at the tax sale of the property under Act 82 of 1884, prayed for the cancellation of taxes for years stated in the bill of complaint. It appears that in 1889 a final decree was rendered in the suit before the United States Court daring that the taxes not paid by the plaintiff company were extinguished by prescription.
*1473 In order to be recognized as the owners of the property plaintiffs assailed the title deeds under which the intervenor acquired the title he claims.
Plaintiffs’ grounds for annulling the tax deeds under which the intervenor claims the property are: that the assessor listed the property on the assessment rolls for 1877 in the name of William Henry, who was not, plaintiffs aver, the owner, and was not in anywise connected with the property. They assert that the true owner’s name might have been discovered by a simple inspection of the conveyance record; that ther* was an absence of notice of the tax proceedings to the owner of the property.
The plaintiffs allege that the pretended' title of William Henry, in whose name the property was assessed for the years 1875 to 1878, inclusive, was acquired from W. J. Delano, on May 19, 1877, and duly registered in the conveyance office; that Delano, Henry’s vendee, had acquired his alleged title by an adjudication made by the sheriff of the Superior Court for the parish of Orleans, on December 10, 1875, to satisfy a judgment rendered against M. Elliott, in a suit entitled “ The Commissioners of the First Drainage District vs. M. Elliott; ” that the adjudication (o Delano was null for the reason that long prior to the suit he had conveyed the title to the property to Claude Tiblier.
The defendant and intervenor alleges that' the tax title théy invoke is legal.
They plead the prescription of three and five years.
The judgment of the District Court rejects the demand of plaintiffs, and decrees that the intervenor is the owner of the property he claims.
The plaintiffs appealed from this judgment.
Preliminarily, it must be borne in mind that the tax ordinance of the Constitution temporarily remitted, all interests, penalties, costs, fees and charges on taxes of a date prior to the first day of January, 1879, and property which was affected by the tax laws of that date was redeemable until the first day of January, 1881.
In the preamble of the Act 82 of 1884 (an act adopted to enable the proper authorities to sell the lands indicated in the tax ordinance of the Constitution) it was declared that great difficulties had been experienced in giving legal title to property sold for taxes, which *1474 fact had kept and was keeping such property out of market, thereby depriving the State of a portion of her legitimate revenue.
In order to enable the tax collectors to sell the property the law was enacted containing provisions making the deed conclusive evidence of the fact that the property was assessed according to law; that the taxes were properly levied, and that all the prerequisites had been complied with by all the officers, from the assessment up to and including the registry of the deed to the purchaser.
This act was vigorously assailed in cases heretofore decided on a number of grounds, including those now urged by the appellant. Its legality was sustained in a well considered opinion without any dissent.
In the matter of Orloff Lake, 40 An. 142. The decision was affirmed shortly afterward in re Douglas, 41 An. 765.
The following from the syllabus denotes the principles of the decision. “ Act 82 of 1884 is a remedial statute intended to cmre irregularities in prior tax proceedings by making tax deeds conclusive evidence of compliance in certain matters.”
In our judgment tax proceedings are not always conclusive evidence of compliance with the law. They may be void to a degree that no curative act can give them vitality. It remains that tax sales for taxes due prior to the adoption of our Constitution are in every respect supported by the strongest presumption.
We must give some weight to precedents that have given to that presumption an effect almost conclusive.
While precedents should not be blindly followed, they should not be lightly treated.
All must be of opinion that in matter relating to title to property stare decisis is of great moment always:
Blackstone said about land titles: an established rule to abide by former precedents when the same points come again in litigation, should be maintained.
In two cases only of this court, of dates subsequent, the titles under the “healing and curative act” were deemed so absolutely null that they did not come within its provisions. The first was the case of Augusti vs. Lawlers, 45 An. 1371, in which we held that the confusing advertisement and misleading description of the property precluded the possibility of any other conclusion than that the tax deed was void and not within the power of the Legislature to cure the illegalities.
*1475 The second was the case of Edwards vs. Fairex, 47 An. 172, affirmed by the decision in Walsh vs. Harang and Husband, 48 An. 988, in which we held that uninterrupted carrying of property on the assessment roll in the name of a dead man was not assessment which a healing and curative act could make legal and binding. The controlling reasons in that case were, that property should not be assessed in the name of one who (every one knew) had long prior departed this life; whose property had passed out of his succession and was in possession of heirs or others who were not in the attitude of having abandoned their title or of having neglected to assert their right to the property. The title to property passes by the operation of the law to the succession or to the heirs from the moment of the death of the deceased.
In the case before us, for our determination, during more than thirty years the plaintiffs remained silent and acquiescent.
There is no evidence of any attempt to exercise any right as owners of the property from 1862 to 1877, the year that the property was assessed in the name of William Henry. The validity of this assessment was not questioned until a period of seventeen years had elapsed from its date to the date the suit now before us was brought to set aside the tax deed.
In Michel vs. Stream, 48 An. 341, 351, this court reviewed the decision in tax cases similar to the one at bar, and said “ the record showed at least a divestiture of the title and a vesting of that title in the purchaser at the tax sale.”
Although the adjudication to Delano, as set forth in our statement of the facts, may not have vested title in him, it notwithstanding may have been a title enough to warrant an assessment in the name of Delano, the purchaser, whose deed had been duly registered when the assessment was made.
We quote from the opinion in Augusti vs. Citizens Bank, 46 An 529, 535: “ Titles that are intrinsically null if permitted to remain unquestioned, may become the basis of an assessment that will result in a valid sale.”
It does not appear that plaintiffs, owners of the original title, remained in possession after the tax sale.
The defendants, or those who preceded them as owners, have paid all the taxes that have been paid; have brought suit to cancel tax privileges on the property since 1877.
*1476 By the tax sale and all the presumption it creates, it devolved upon plaintiffs to bring suit within a reasonable time.
After so many years of possession solemnly guaranteed by statutes; after a number of sales, it was too late to sustain asserted flaws in the title.
Under the law and its interpretation in a number of decisions, only one alternative is left us, that is to affirm the decision of the-District Court.
It is ordered, adjudged and decreed that the judgment appealed from is affirmed.